UNITED STATES DISTRICT COURT
for the   DISTRICT OF NEW HAMPSHIRE

Matthew D. Bobola

v.

William Wrenn,
    Helen Hanks,
    Bernice Campbell,
    Dr. Englander,
    Lisa Savage,
    Chris. Kench.

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED
*15* *JAN 29 A* 11:54
15-FP-39

## CIVIL COMPLAINT

This is a civil complaint alleging deliberate indifference to treatment
needs for serious medical conditions, constituting a violation of plaintiff's
federal civil rights and cruel and unusual punishment, and a tort of negligence.
Plaintiff seeks a jury trial, declaratory relief, injunctive relief and damages.

## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 42 U.S.C. §1983, 28 U.S.C. §§1331-
1332.  Plaintiff seeks declaratory and injunctive relief as provided under
28 U.S.C. §§2201-2202 and Title 42.  This court has jurisdiction over state tort
claims under 28 U.S.C. §1367(a) arising from the same set of facts as the
constitutional civil rights claims.

Venue is in this District since all acts occurred in New Hampshire.

## PARTIES

1. Plaintiff Matthew D. Bobola is inmate #53353 in the New Hampshire State
Prison ("NHSP") at address: NHSP #53353, P.O. Box 14, Concord NH 03302-0014.

2. Defendant William Wrenn is Commissioner of the New Hampshire Department
of Corrections ("DOC") with a work address of P.O. Box 1806, Concord, NH 03302.
He oversees all prison operations and management in the state.  The plaintiff
raised the complaints contained herein to Commissioner Wrenn in a GRIEVANCE.  He
is sued in his individual and official capacities.

3. Defendant Helen Hanks, during the time releant to this COMPLAINT, was
the administrator in charge of the prison infirmary.  She is now Assistant DOC
Commissioner with a work address of P.O. Box 1806, Concord, NH 03302.  The

COMPLAINT                                        Page 2

plaintiff's GRIEVANCE (addressed to the prison Warden) was diverted to Helen Hanks to deal with, and she failed to act. She falsely claimed that plaintiff was a "no-show" for scheduled "ortho" treatment, which never occurred. She is sued in her individual and official capacities.

    4. Defendant Bernice Campbell is the prison physical therapist with a work address of P.O. Box 14, Concord, NH 03302-0014. She repeatedly refused to treat the plaintiff's conditions, instead offering treatments for conditions the plaintiff did not have. She is sued in her individual and official capacities.

    5. Defendant Dr. Englander is the prison doctor with a work address of P.O. Box 14, Concord, NH 03302-0014. She failed to treat his conditions and made a false accusation that he had missed appointments as an apparent excuse for the non-treatment. She is sued in her individual and official capacities.

    6. Defendant Lisa Savage is a prison nurse practitioner with a work address of P.O. Box 14, Concord, NH 03302-0014. She injected herself into this matter by intercepting a request slip to Dr. Englander and accused the plaintiff of "staff shopping" when he sent her a followup request. She is sued in her individual and official capacities.

    7. Defendant Chris Kench is a designee of Defendant Wrenn with a work address of P.O. Box 1806, Concord, NH 03302. He responded to the GRIEVANCE to defendant Wrenn with: "We are satisfied that your issues are being properly addressed." He is sued in his individual and official capacities.

## F A C T S

    8. Plaintiff has two medical issues, (1) a broken scaphoid in his left wrist and (2) a torn ACL in his right knee. These were diagnosed BEFORE the plaintiff came to prison. See Affidavit Exhibit #1. Meetings with defendant Campbell about the broken scaphoid made it clear that the prison did not intend to treat this condition. Ex. 1, ¶2.

    9. Treatment for the torn ACL commenced before the plaintiff came to prison through the use of a "hinged knee brace" that prevented any side-to-side knee movement or twisting. It effectively encased the knee in a hinged plastic case that allowed for proper movement and prevented detrimental movement. That type of treatment is not an option at the prison. Ex. 1, ¶3-4.

    10. The plaintiff appealed the denial of treatment for his issues to defendant Savage by Inmate Request Slip ("IRS") dated 7/28/14. Exhibit 2. A

month later the response stated that a "knee sleeve" was all that was available and that the plaintiff's "staff shopping behavior is unacceptable." <u>Id.</u>

11. The plaintiff also appealed the denial of treatment for his issues to defendant Englander by Inmate Request Slip ("IRS") dated 7/29/14. Exhibit 3. She noted that defendant Savage had seen the plaintiff and that he had been a "no show" to two "ortho" appointments, the latter "despite 3 calls to you." <u>Id.</u> This claim is completely false. Had the plaintiff missed a medical appointment he would have been given a Disciplinary Report ("DR") and charged $5 for the missed appointment, a rule the DOC never fails to take advantage of due to its ongoing fiscal problems. <u>See e.g.</u> Ex. 1, ¶1.

12. The prison provides "medical blankets" for positioning of injured or painful limbs and had done so for the plaintiff, but discontinued them. He requested them to be reissued by IRS to defendant Campbell dated 8/18/14. Exhibit 4. Her response was, "Not a medical need." <u>Id.</u> Given that there is virtually no expense for the issuance of medical blankets (which are tattered beyond all other use), it appeared clear that the plaintiff's complaints about his medical conditions had generated some animosity among medical staff.

13. The plaintiff appealed to Warden Gerry on 9/2/14 and attached exhibits 1 through 4 to the GRIEVANCE. Exhibit 5. The 10/7/14 response was from Helen Hanks (then director of forensic services, which included the prison infirmary). Rather than address the medical issues, she recounted the false accusation of his having missed appointments (possibly implying that further treatment was thereby forfeit). <u>Id.</u> She ended with, "Please comply with your treatment to best assist you," which begged the question, "What treatment?"

14. The plaintiff sent a GRIEVANCE dated 10/7/14 to Commissioner Wrenn, to which he attached exhibits 1 through 5. Exhibit 6. Defendant Kench responded claiming that, "We are satisfied that your issues are being properly addressed." <u>Id.</u> Since NONE of the plaintiff's "issues" have been addressed, this prompted the plaintiff to pursue one attempt to resolve this matter:

15. Plaintiff sent an IRS to Helen Hanks dated 10/21/14 explaining (1) he never missed ANY appointments, (2) that Chris Kench was under the impression that he was receiving treatment, and (3) that he was getting no treatment for either medical issue. Exhibit 7. Helen Hanks gave the IRS to defendant Campbell to answer and it stated "Awaiting MD Eval & Recommendations" <u>Id.</u>

16. After waiting two months from the answer to Exhibit 7 without any action having been taken on the part of medical staff to examine, evaluate,

COMPLAINT                          Page 4

treat, or recommend ANYTHING, plaintiff sent a letter to the DOC counsel in the
Attorney General's office giving them another two weeks to make SOME effort at
dealing with these medical issues.  Exhibit 8.  That two weeks has expired
without any action, so this suit has been filed.

 17. The medical staff defendants in this matter ALL examined the plaintiff
and ALL failed to provide anything approaching treatment for the medical issues.
One commented on X-Ray results being "normal" (which would not have shown soft-
tissue damage such as a torn ACL).  Ex. 2.  Each medical staffer appeared to be
more concerned with collateral issues (missed appointments, staff shopping, etc)
than with the plaintiff's medical issues.  One determined that blankets were not
a medical need to prevent a knee with a torn ACL from hyper-extending.  Ex. 4.
It seems clear that the medical staff have taken on an adversarial position with
the plaintiff, and thus, further medical care will have to be Court-ordered.

CLAIMS FOR RELIEF

 CLAIM #1: Deliberate indifference to serious medical needs in violation of
the plaintiff's civil rights and right to be free from cruel and unusual
punishment.  The plaintiff was diagnosed with these medical needs prior to his
incarceration and now the prison medical staff are refusing to acknowledge or
treat them.  Indeed, based on the final IRS response, "Awaiting MD Eval &
Recommendations," the prison has failed to even acquire the necessary medical
evaluation and recommendations.

 CLAIM #2: Negligence (State tort).  If the above identified medical
malingering does not rise to the level of deliberate indifference it certainly
constitutes medical negligence.

RELIEF REQUESTED

WHEREFORE, the plaintiff requests this Honorable Court:

 a. ENTER Declaratory Judgment in plaintiff's favor;

 b. ORDER the DOC to have the plaintiff's medical needs EVALUATED and
RECOMMENDATIONS acquired from medical professionals OUTSIDE of the
prison (given apparent deliberate misdiagnosis and adversarial
behaviors of all of the prison's medical staff);

COMPLAINT                              Page 5

    c. ORDER the DOC to undertake these evaluations and recommendations within a strict time-line;

    d. ORDER the DOC to follow the recommendations made to the best of their abilities and within the security constraints of the prison, again within a strict time-line;

    e. AWARD monetary damages to the plaintiff for his pain and suffering to be determined by a jury against all defendants jointly and severally;

    f. AWARD monetary costs to the plaintiff to cover all of his printing and copying costs, filing fees for this action, and any costs he incurred in exhausting his administrative remedies and filing this suit; and

    g. GRANT such other and further relief as it deems fair and equitable.

                           Respectfully submitted,

                           *Matthew Pobola*

                           Matthew D. Pobola, pro se
                           NHSP #53353
                           P.O. Box 14
                           Concord, NH  03302-0014

RECEIVED

SEP 0 3 2014

NHSP/M
WARDEN'S OFFICE

EXHIBIT 1.

# A F F I D A V I T

I, Matthew D. Bobola, make the following statements under oath:

1. I have been trying diligently to deal with TWO medical problems at the New Hampshire State Prison, and have not received anything approaching valid treatment for either issue. To make matters worse, medical staff have claimed that I was a NO SHOW for (two) appointments, when there is absolutely NO PROOF of that. I have NEVER received an appointment slip for which I did not attend the appointment, and if I had, I would have been given a DISCIPLINARY REPORT and charged for the missed appointment. Claims that medical called me to have me sent over are equally MERITLESS, because in a prison it is INCONCEIVABLE that staff would be unable to locate an inmate or order him to go to medical.

2. I have two medical issues: FIRST, I have a broken scaphoid in my LEFT wrist, which was examined by Dr. Jinsong Wang who said the proper course of treatment was SURGERY. I have had multiple meetings with Bernie Campbell who has repeatedly tried to convince me that surgery is not a treatment option. I am LEFT handed and the broken bone makes it difficult to write. Bernie gave me a wrist brace (with the wooden brace removed) and all it does is makes it harder for me to write and increases the pain I am already in.

3. My SECOND medical issue is a torn ACL in my RIGHT knee. This condition contributed to my falling on a wet floor in H-Building in November 2013, which made the problem worse. My knee was examined by Dr. Marc Michaud who prescribed a "hinged knee brace" and, if that didn't bring about the proper healing, then surgery was the only other option. I wore such a brace for some time and it provided me with the proper lateral and twist support.

4. The medical staff here has been completely unwilling to provide anything remotely effective for my knee issue. I was given a rubber knee brace which does nothing to prevent lateral or twist motion. In fact, it causes a lot of pain, cuts off the circulation to my foot and causes my foot to swell up after using it. I have asked for blankets to support my knee while I ice it and while I am sleeping and have gotten "NOT A MEDICAL NEED" as a response from Bernie Campbell (8/21/14 response to request slip).

5. My lawyer has told me to exhaust my available administrative remedies to see if treatment will be forthcoming. That is what I am now doing.

I swear upon oath that the facts related in the foregoing AFFIDAVIT are true and accurate to the best of my knowledge and belief.

_Matthew Bobola_
Matthew D. Bobola

Subscribed and sworn before me this _2nd_ day of September, 2014.

Notary Public/Justice of the Peace

TRICIA ANN LYNN
NOTARY PUBLIC
NEW HAMPSHIRE
MY COMMISSION EXPIRES APRIL 3, 2018

EXHIBIT 2.
Page 1 of 2

## INMATE REQUEST SLIP

Submit this request to the Unit Supervisor, Security Lieutenant, or CC/CM. Your Unit Supervisor, Security Lieutenant, or CC/CM will help you resolve the issue or it will be forwarded to the appropriate person. Unit Supervisor, Security Lieutenant, or CC/CM will be forwarded to you.

TO: Unit Supervisor, Security Lieutenant, CC/CM          DATE: 7/29/14

FROM: _Bobola_          _Matthew_          _D_          ID #: 53363
         Last Name          First Name          Middle Initial

         _SPU_          _F-9_
         Facility          Housing Unit          Cell          Work/Shift

INMATE REQUEST: Dear miss savage you INTERCEPTED a REQUEST Slip TO DR Engler I HAD already discussed this matter with miss Cambdl and was told She could not Approve me to The Recommend treatment By my DR Before my Prison sentence. I ask that you review my medical File Regarding my Fall this winter and my need FOR The Corect knee Brace FOR Aduced my knee Is now Locking and in now Feeling pain From under my knee Cap as well as The Iner side the swelling Has not gone Down in more Than 6 months can I Feel pain with every step. Im also asking FOR a CorTisone shot For The pain in my wrist I have also Recently Received a DR report saying That There is a FoRe gen Body in my ForeArm why was This not seen on The ex-Rays From Jan of This Year

SoRRy - Viccel          PG 1 OF 2

(If you need more space, use plain paper.)          _Inmate Signature_

TO: Miss Savage          DATE: 7/29/14

FROM: Unit Supervisor, Security Lieutenant or CC/Records

REMARKS: _____          MEDICAL RECORDS
                                                RECEIVED ON

                                                AUG 01 2014

                    BY: _____
                                                _Staff Signature_

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FROM: _____          DATE: 8/20/14
         Staff Member Name/Office

REMARKS: Reveiwing you record + discussing c Dr Englisse and it the referal of knee sleeve is what is available. The staff shopping however is unacceptable, use massage Your knee issue has been          _Staff Signature_
addressed thru PT          Received By _____
x-reg of knee was normal Borg          _Inmate Signature_

White - Offender Records Office          Yellow - Inmate          Pink - Staff          SP-014 (a) Rev. 11/06

**EXHIBIT 2.**
**Page 2 of 2**

## INMATE REQUEST SLIP

Submit this request to the Unit Supervisor, Security Lieutenant, or CC/CM. Your Unit Supervisor, Security Lieutenant, or CC/CM will help you resolve the issue or it will be forwarded to the appropriate person. Unit Supervisor, Security Lieutenant, or CC/CM will be forwarded to you.

TO:  Unit Supervisor, Security Lieutenant,  CC/CM                    DATE: 7/29/14

FROM: _Bobo19_     _MAtthew_     _D_          ID #: 53353
     Last Name        First Name        Middle Initial

_SPU_      _F4_
Facility        Housing Unit        Cell        Work/Shift

INMATE REQUEST: Im asking That you Reveiw my DR REPORTS FROM DR Jinson wang and DR michaud That I have provited Im asking For your Because I Feel constant Pain with every step As well Left Little OR Know use of my Left Hand I am Left Handed This makes everything That much Harder an is the number one Reason For my attempted suicide

(If you need more space, use plain paper.)      PG 2

_Inmate Signature_

TO: Lisa Savage                    DATE: 7/29/14

FROM: Unit Supervisor, Security Lieutenant or CC/CM

REMARKS:_____

**MEDICAL RECORDS**
**RECEIVED ON**

**AUG 01 2014**

BY: _____          _Staff Signature_

*************************************************************************************************

FROM: _____          DATE:_____
    Staff Member Name/Office

REMARKS:_____

_Staff Signature_

Received By _____

_Inmate Signature_

White - Offender Records Office          Yellow - Inmate          Pink - Staff          SP-014 (a) Rev. 11/06

Pg 1

EXHIBIT 3.
Page 1 of 2

## INMATE REQUEST SLIP

Submit this request to the Unit Supervisor, Security Lieutenant, or CC/CM. Your Unit Supervisor, Security Lieutenant, or CC/CM will help you resolve the issue or it will be forwarded to the appropriate person. Unit Supervisor, Security Lieutenant, or CC/CM will be forwarded to you.

TO: Unit Supervisor, Security Lieutenant, CC/CM          DATE: 7/29/14

FROM: Bobola          MAthew D.          ID#: 53353
    Last Name          First Name          Middle Initial

    SPU          2 Flr.
    Facility          Housing Unit          Cell          Work/Shift

INMATE REQUEST: I am writing To you in hopes of getting your help. After sliping and Falling This past winter i Have tryed to get some help with the pain in my knee and wrist By asking & For my cti knee Brace This is an Ack Brace unlike the sleave Type that miss cambell From PT here at The Prison has Provided me that I Dont Have now Do to Property Hold up This sleave Type can not be woren when the knee is swollen if cutsoff The circuliation to the Foot and knee an Provides No lateral support to the knee a noting DR Michaud REPORT I Would like to see Him wear The ack Brace This is to Provent the Need of acl Reconstruction so near I'm Left In Pain From every step. I am worred That I Have Reinted The meniscus agen see FORM 2 This is Pg 1 oF 2          Matthew B...

(If you need more space, use plain paper.)          Inmate Signature

TO: DR Engler          DATE: 7/29/14

FROM: Unit Supervisor, Security Lieutenant or CC/CM

REMARKS:
    Forward

    Staff Signature

*********************************************************************

FROM: Dr E          DATE: 8-14-14
    Staff Member Name/Office

REMARKS: I note that you have already submitted MRGs to Ms Sabree, who has already seen you. + reviewed your record and you were scheduled for ortho 3/20/14 and were a No Show for the 2nd time despite 3 calls to you - This was for a revisit.          Staff Signature

    Received By          Inmate Signature

*PG2*

EXHIBIT 3.
Page 2 of 2

## INMATE REQUEST SLIP

Submit this request to the Unit Supervisor, Security Lieutenant, or CC/CM.  Your Unit Supervisor, Security Lieutenant, or CC/CM will help you resolve the issue or it will be forwarded to the appropriate person.  Unit Supervisor, Security Lieutenant, or CC/CM will be forwarded to you.

TO:  Unit Supervisor, Security Lieutenant, CC/CM           DATE: 7/29/14

FROM: Bobola        MAtthew        D        ID #: 53353

| Last Name | First Name | Middle Initial | |
|---|---|---|---|

SPU           F 9

| Facility | Housing Unit | Cell | Work/Shift |
|---|---|---|---|

INMATE REQUEST (PG2) When i Have asked For pain meds i have asked For a nonarcotic Pain Releaver Naprosen or aleve has always worked the Best But motrin bothers my stumach and dose Little For Pain in my knee Never mind the pain in my wRist I am asking For an injecteom of Dexamethasone mixed with lidocine to Be injected in the Flexor Carpi Radialis tendon sheath as this has Been the only thing that has geiven me any Reliff of Pain. Im Not even Shoure if this will even work as it has in the past, as it is now I have never experienced the lose of use that I have now I am asking to Be evaluated By an Orthopedic DR I Have Provied all the DR Reports From DR Jinson wang and DR mARD mechanic to Doc medical

*Matthew Bobola*

(If you need more space, use plain paper.)           **Inmate Signature**

TO: DR Engler                                          DATE: 7/29/14

FROM: Unit Supervisor, Security Lieutenant or CC/CM

REMARKS: _____

(Forward)

_____

**Staff Signature**

*****************************************************************

FROM: Dr te                                           DATE: 8-14-14

**Staff Member Name/Office**

REMARKS: ___ I will be happy to change your motrin to naprosin.

For the record, the named brand Toridor was prescribed at a time when you were actively working

**Staff Signature**

Received By _____

**Inmate Signature**

EXHIBIT 4.

## INMATE REQUEST SLIP

Submit this request to the Unit Supervisor, Security Lieutenant, or CC/CM. Your Unit Supervisor, Security Lieutenant, or CC/CM will help you resolve the issue or it will be forwarded to the appropriate person. Unit Supervisor, Security Lieutenant, or CC/CM will be forwarded to you.

TO: Unit Supervisor, Security Lieutenant, CC/CM   DATE: 8/18/14

FROM: Bobola   MATHew   I   ID #: 53353
Last Name        First Name        Middle Initial

RTU   12
Facility   Housing Unit   Cell   Work/Shift

INMATE REQUEST: AFter asking them to Have my medical Blankets Retsued to me Im told that they were on Hold FRom medical Can you please, tell me How I can clear this up The Blankets are a Bighelp to me when Iceing my knee's (That alone Happens at least 2 to 3 times a week) and also keeps me from HyperexTending my knee when Luxing Flat in Bed

Thank you FoR Your time

(If you need more space, use plain paper.)

M. Thew Bobola
*Inmate Signature*

TO: Medical   DATE: 8/18/14

FROM: Unit Supervisor, Security Lieutenant or CC/CM

REMARKS:

*Staff Signature*

*****

FROM: BCPT   DATE: 8/21/14
Staff Member Name/Office

REMARKS: Not a medical need

*Staff Signature*

Received By ___ *Inmate Signature*

White - Offender Records Office   Yellow - Inmate   Pink - Staff   SP-014 (a) Rev 11/06



# GRIEVANCE FORM
(See Reverse For Instructions)

DEPARTMENT OF CORRECTIONS
STATE OF NEW HAMPSHIRE
P.O. Box 14
CONCORD, NEW HAMPSHIRE  03302



EXHIBIT 5.

RECEIVED
SEP 0 3 2014
NHSP/M
WARDEN'S OFFICE

RECEIVED
SEP 05 2014
NHDOC - M&F SERVICES

TO: **Warden Gerry**          1.  Date: ___9/2/2014___

2.  GRIEVANT: __Matthew D. Bobola__          3.  Number: ___53353___

4.  Address: __P.O. Box 14, RTU, Concord, NH 03302-0014__

5.  Brief Description of Grievance: ___Attached are three request slips (5 pages) and an__
___affidavit showing the nightmare I have experienced with the prison medical__
___department trying to get treatment for two WELL DOCUMENTED medical conditions__
___that have been diagnosed by outside experts and had treatments prescribed.  My__
___biggest problem is that the medical staff have taken an adversarial position in__
___their efforts to refuse treatment and even attempted to BLAME ME for their non-__
___treatment of my conditions (see affidavit).__
___   I request that this problem be dealt with efficiently, professionally, and__
___without the adversarial conduct I am now experiencing.      THANK YOU.__

Signature: _Matthew Bobola_
(You will be penalized if statement is untrue)

(Use Attachments if necessary.)

To:  **DIRECTOR** (Warden)          Date of Director's Action: __10/7/14__

Director's Action: Dear Bobola,
We have referred you to ortho clinic
which you have no showed twice.
Please comply with your treatment
to best assist you.
Respectfully          Authentication: _V. Hawks_

To:  **COMMISSIONER**          Date of Commissioner's Action: _____

Commissioner's Action: _____

_____

_____

_____

_____

Authentication: _____

(FORWARD ALL THREE COPIES.  WHITE WILL BE FILED IN OFFENDER RECORDS, CANARY TO RESPONDER
AND PINK TO GRIEVANT.)

## INSTRUCTIONS FOR USE OF GRIEVANCE FORM

1. Fill in date sent.

2. Fill in your name.

3. Fill in your number; for prisoners, and parolees your prison number; for probationers your social security number or driver's license number.

4. Prisoners fill in your housing assignment; others your mailing address.

5. Briefly describe your grievance. Use additional blank pages or attachments if necessary. Provide enough information so that the recipient can understand the problem.

6. Sign the form. You are cautioned that if investigation of your grievance discloses that you were untruthful or misrepresented the facts, you will be disciplined for that violation.

7. The form MUST be sent to the Warden if you are a prisoner. Parolees and probationers MUST send the form to the Director of Field Services. The Warden or Director of Field Services will respond within fifteen (15) working days of receipt of the form. If resolution or investigation will take longer than 15 days, you will be provided an interim reply.

8. If the response from the Warden or the Director of Field Services does not resolve the issue satisfactorily, you may then file the grievance with the Commissioner. The Commissioner will respond within twenty (20) days with a final or interim reply.

9. Prisoners MUST use request slips to attempt to resolve issues prior to submitting a grievance. Grievances will not be accepted unless it is demonstrated that request slips have not worked or unless the grievance is a bonafide emergency or life-threatening situation. Attempts to by-pass the request slip system will simply be returned without action unless the grievance clearly shows earlier attempts to use the request slip system or that the situation is a bonafide emergency or life-threatening.

10. Grievances sent to the Commissioner by prisoners without evidence of the Warden's earlier action will be returned without action.

11. The grievance form may be used for second level appeals of disciplinary board results at the prison if the original appeal on a request slip was rejected in whole or in part under the following rules:

    a. Only two types of appeals are grievable: (a) allegations of procedural violations stating what procedural or process errors were made; or, (b) allegations of sentence disproportionateness alleging that the sentence was excessive and stating the reasons why.

    b. Questions relating to guilt or innocence or insufficiency or invalidity of evidence are NOT grievable at the second level (but they may be appealed at the first level on a request slip).

    c. Minor board results may be appealed to the Administrator of Security on a request slip. If the Administrator's response does not satisfy the inmate he may appeal to the Warden on a grievance form. The Warden's response on a minor board is final.

    d. Major board results may be appealed to the Warden on a request slip. If the Warden's response does not satisfy the inmate he may appeal to the Commissioner on a grievance form. The Commissioner's response on a major board is final.

    e. Appeals must state clearly what is being appealed and the reasoning upon which the appeal is based.



## GRIEVANCE FORM
(See Reverse For Instructions)

DEPARTMENT OF CORRECTIONS
STATE OF NEW HAMPSHIRE
P.O. Box 14
CONCORD, NEW HAMPSHIRE  03302

OCT 03 2014

COMMI~

EXHIBIT **6.**

⊘RTU

TO: Commissioner William Wrenn

2. **GRIEVANT:** Matthew D. Bobola

4. Address: ___P.O. Box 14, RTU, Concord, NH 03302-0014___

1. Date: ___10/7/2014___

3. Number: ___53353___

5.  Brief Description of Grievance: __Attached are copies of my grievance to the WARDEN and__
__the 6-pages of exhibits sent to him with the grievance.  I have a broken bone in__
__my wrist and a torn ACL, both of which have been diagnosed by competent medical__
__personnel outside of the prison.  Each of these problems has a clear, specific__
__treatment regimen that the prison has failed (or refuses) to provide.  Medical__
__staff here have commenced a strategy of blaming me for their failures (falsely__
__claiming missed appointments) and attacking my effort to get treatment (claiming__
__I am "staff shopping").  Do I need to sue the prison and subpoena the medical__
__staff to testify in Court in order to get proper treatment for these issues?__

Signature: *Matthew Bobola*

(You will be penalized if statement is untrue)

(Use Attachments if necessary.)

To:    **DIRECTOR** (Warden)                           Date of Director's Action: _____

Director's Action: _____

Authentication: _____

To:    **COMMISSIONER**                    Date of Commissioner's Action: 10/14/14

Commissioner's Action: The Grievance you sent to Warden Gerry should
have gone to Director Hanks. We are satisfied that
your issues are being properly addressed.

Authentication: Chris Kench

(FORWARD ALL THREE COPIES.  WHITE WILL BE FILED IN OFFENDER RECORDS, CANARY TO RESPONDER
AND PINK TO GRIEVANT.)

## INSTRUCTIONS FOR USE OF GRIEVANCE FORM

1. Fill in date sent.

2. Fill in your name.

3. Fill in your number; for prisoners, and parolees your prison number; for probationers your social security number or driver's license number.

4. Prisoners fill in your housing assignment; others your mailing address.

5. Briefly describe your grievance. Use additional blank pages or attachments if necessary. Provide enough information so that the recipient can understand the problem.

6. Sign the form. You are cautioned that if investigation of your grievance discloses that you were untruthful or misrepresented the facts, you will be disciplined for that violation.

7. The form MUST be sent to the Warden if you are a prisoner. Parolees and probationers MUST send the form to the Director of Field Services. The Warden or Director of Field Services will respond within fifteen (15) working days of receipt of the form. If resolution or investigation will take longer than 15 days, you will be provided an interim reply.

8. If the response from the Warden or the Director of Field Services does not resolve the issue satisfactorily, you may then file the grievance with the Commissioner. The Commissioner will respond within twenty (20) days with a final or interim reply.

9. Prisoners MUST use request slips to attempt to resolve issues prior to submitting a grievance. Grievances will not be accepted unless it is demonstrated that request slips have not worked or unless the grievance is a bonafide emergency or life-threatening situation. Attempts to by-pass the request slip system will simply be returned without action unless the grievance clearly shows earlier attempts to use the request slip system or that the situation is a bonafide emergency or life-threatening.

10. Grievances sent to the Commissioner by prisoners without evidence of the Warden's earlier action will be returned without action.

11. The grievance form may be used for second level appeals of disciplinary board results at the prison if the original appeal on a request slip was rejected in whole or in part under the following rules:

    a. Only two types of appeals are grievable: (a) allegations of procedural violations stating what procedural or process errors were made; or, (b) allegations of sentence disproportionateness alleging that the sentence was excessive and stating the reasons why.

    b. Questions relating to guilt or innocence or insufficiency or invalidity of evidence are <u>NOT</u> grievable at the second level (but they may be appealed at the first level on a request slip).

    c. Minor board results may be appealed to the Administrator of Security on a request slip. If the Administrator's response does not satisfy the inmate he may appeal to the Warden on a grievance form. The Warden's response on a minor board is <u>final</u>.

    d. Major board results may be appealed to the Warden on a request slip. If the Warden's response does not satisfy the inmate he may appeal to the Commissioner on a grievance form. The Commissioner's response on a major board is <u>final</u>.

    e. Appeals must state clearly what is being appealed and the reasoning upon which the appeal is based.

EXHIBIT 7.

TO: Helen Hanks

# INMATE REQUEST SLIP

Submit this request to the Unit Supervisor, Security Lieutenant, or CC/CM. Your Unit Supervisor, Security Lieutenant, or CC/CM will help you resolve the issue or it will be forwarded to the appropriate person. Unit Supervisor, Security Lieutenant, or CC/CM will be forwarded to you.

TO:  Unit Supervisor, Security Lieutenant, CC/CM         DATE: 10/21/2014

FROM: ____ Bobola ____ Matthew ____ D. ____         ID #: 53353█
          Last Name         First Name         Middle Initial

NHSP Concord ____ RTU. ____ J-12 ____
   Facility         Housing Unit         Cell         Work/Shift

INMATE REQUEST:  On 10/7/2014 you answered my grievance to Warden Garry with:

"We have referred you to ortho clinic which you have no-showed twice."

   I have heard nothing from the ORTHO CLINIC since your referral. Having NEVER failed to show up for any prior appointment that I signed for, is it possible that either (a) there is another BOBOLA in the system or (b) the appointment slips are being mis-routed?
   I would appreciate the follow-up referral you spoke of. The Commissioner (Chris Kench) seems to think my medical issues "are being properly addressed" but nothing has happened.
   Thank you for your time and any assistance you can provide.

(If you need more space, use plain paper.)          *Matthew Bobola*
                                                    **Inmate Signature**

TO:   H E L E N   H A N K S                          DATE: (W) 10/21/2014 ✓

FROM: Unit Supervisor, Security Lieutenant or CC/CM

REMARKS: *Please assist*

                    FWD: B. Campbell 10/31/14 /s/
                                        SGT *Michael Shaw*
Rcvd by BCpr -11/12/14                       **Staff Signature**

*************************************************************************

FROM: _____ *B Campbell* _____          DATE: 11/12/14
      **Staff Member Name/Office**

REMARKS: _____ *Awaiting MD Eval & Recommendations* _____

                                        /s/
                                        **Staff Signature**
                                        *MB*
                        Received By _____
                                        **Inmate Signature**

White - Offender Records Office          Yellow - Inmate          Pink - Staff

**EXHIBIT 8.**

New Hampshire Attorney General          Matthew D. Bobola #53353
Att: Counsel to the D.O.C.               NHSP - RTU
33 Capitol Street                        P.O. Box 14
Concord, NH  03301-6397                  Concord, NH  03302-0014

                                    1/7/15

Re. Impending Litigation


Dear Counsel to the Department of Corrections:

    I have exhausted all available administrative remedies in
attempting to get medical treatment from the D.O.C. for TWO
separate medical problems.  The 9/2/14 grievance I filed to the
Warden was answered on 10/7/14 by Helen Hanks, falsely claiming
that I had failed to show up for appointments as an excuse for the
total lack of treatment I have experienced.  (Had I failed to show
up for appointments, I would have been given a Disciplinary Report
and charged $5 for the missed appointments; that never happened)

    My 10/7/14 grievance to the Commissioner was answered on
10/14/14 by Chris Kench, referring to "Director Hanks" and stating
"WE ARE SATISFIED THAT YOUR ISSUES ARE BEING PROPERLY HANDLED"

    Since my "issues" have not been addressed AT ALL since I began
complaining about them in writing, on 10/21/14 I wrote a request
to Helen Hanks requesting the "follow-up referral" she mentioned.
On 11/12/14, that request was answered by B. Campbell stating:
"AWAITING MD EVAL & RECOMMENDATIONS"

    On 11/26/14, Inmate Accounts completed the CERTIFICATE OF
CUSTODIAL INSTITUTION, needed for indigent prisoners to file for
federal relief.

    It is now the new year.  My "MD EVAL," "Recommendations," and
any form of "treatment" have not been forthcoming.  On 1/21/14, I
will drop my federal complaint into the mailbox with a request for
injunctive relief and you and your client can explain to a federal
judge exactly what part of doing NOTHING constitutes "treatment."

    You have until then to avoid litigation by motivating your
client to, at least, make it appear that my "issues are being
properly handled."


                                    Sincerely,


                                    _Matthew Bobola_
                                    Matthew D. Bobola

United States District Court, DISTRICT COURT
Clerk of Court, Room 110   DISTRICT OF N.H.
55 Pleasant Street          FILED
Concord, NH 03301-3941

2015 JAN 29 A II: 54

Matthew D. Bobola
NHSP #53353
P.O. Box 14
Concord NH 03302-0014

1/20/2015

RE: Bobola v. Wrenn, ~~15-cv-~~ 15-fp-39

Dear Clerk of Court:

   Enclosed please find for immediate filing with the Court:

        CIVIL COMPLAINT  (5 pages)
        with exhibits 1 through 8  (10 pages)

        MOTION TO PROCEED IN FORMA PAUPERIS  (1 page)
        FINANCIAL AFFIDAVIT  (2 pages)

        CERTIFICATE OF CUSTODIAL INSTITUTION  (1 page)
        with exhibits  (3 pages)

   These filings should be sufficient to begin a federal civil lawsuit.  As
far as fees, I plan to make arrangements to have the prison send $10 to the
Court as soon as I get a docket number, said funds to be cut by institutional
check sometime after 2/28/2015.

   I'm not sure if that is acceptable, as I am told that the Court routinely
ORDERS the prison to deduct the appropriate amount from inmate accounts for the
initial payment and 20% of all deposits to pay down the filing fee thereafter.
I'm amenable to either option.

   Thank you for your time and considerate attention to this matter.

                              Very truly yours,

                              Matthew Bobola
                              Matthew D. Bobola