UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Matthew D. Bobola

   v.                                          Civil No. 15-cv-039-SM

William Wrenn, Commissioner,
New Hampshire Department of
Corrections[1]

**O R D E R**

Before the court is prisoner Matthew Bobola's Complaint (doc. no. 1). The Complaint is before the court for preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1). Also before the court is Bobola's motion (doc. no. 6) for the appointment of counsel in this case.

**Preliminary Review**

Upon review of the complaint, the court finds that it states cognizable claims alleging violations of Bobola's Eighth Amendment right to receive adequate medical care during his incarceration, pursuant to 42 U.S.C. § 1983, and negligence

---

[1] Defendants are: New Hampshire Department of Corrections ("DOC") Commissioner William Wrenn, Assistant DOC Commissioner Helen Hanks, New Hampshire State Prison ("NHSP") physical therapist Bernice Campbell, NHSP Physician Celia Englander, NHSP Nurse Practitioner Lisa Savage, and DOC employee Christopher Kench. Each defendant is sued in his or her individual and official capacities.

under state law, pursuant to this court's supplemental jurisdiction.  See 28 U.S.C. § 1367.  Accordingly, and without prejudice to defendants' filing of a motion to dismiss on any proper basis, this action may proceed and be served on William Wrenn, Helen Hanks, Bernice Campbell, Lisa Savage, Christopher Kench, and Dr. Celia Englander, as set forth below.

### Service

To serve Dr. Englander, the Clerk's office is directed to prepare and issue a summons for Dr. Englander using this address: c/o MHM, 105 Pleasant St., 3rd Fl., Concord, NH 03301.  The Clerk's office is further directed to forward the summons, along with copies of this Order and the Complaint (doc. no. 1), to the U.S. Marshal to complete service on Dr. Englander in accordance with this Order and Fed. R. Civ. P. 4(c)(3) and 4(e).

To serve Wrenn, Hanks, Campbell, Savage, and Kench, the Clerk's office is directed to serve electronic copies of this Order and the Complaint (doc. no. 1) on the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement on Acceptance of Service.  Within thirty days from receipt of these materials, the AG must submit an Acceptance of Service notice to the court specifying whether Wrenn, Hanks, Campbell, Savage, and Kench have authorized the AG to receive service on their behalf.  When the AG files the Acceptance of Service, service will be

deemed made on the last day of the thirty-day period for all defendants who accept AG representation, and who the AG agrees to represent.

If any defendant does not authorize the AG to receive service on his or her behalf, or the AG declines to represent any of them, the AG shall, within thirty days from receipt of the aforementioned materials, provide to the court the last known address of the defendants who will not be represented by the AG.  In that event, the Clerk's office is instructed to complete and issue a summons for each of those defendants, using the last known address provided, and forward the summonses, along with copies of this Order and the Complaint (doc. no. 1), to the United States Marshal for the District of New Hampshire ("U.S. Marshal"), to complete service on those defendants in accordance with this Order and Fed. R. Civ. P. 4(c)(3) and 4(e).

Defendants Wrenn, Hanks, Campbell, Savage, Kench, and Dr. Englander are instructed to answer or otherwise plead within twenty-one days of service.  See Fed. R. Civ. P. 12(a)(1)(A). Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on defendants by delivering or mailing the materials to defendants or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

### **Motion for Appointment of Counsel (Doc. No. 6)**

Bobola moves for court-appointed counsel (doc. no. 6). Plaintiff asserts that he is illiterate and intellectually challenged, and has been able to file a complaint and motion in this case only with the assistance of a friend at the prison, but that such assistance will not continue, and is disfavored by the prison in any event.

Bobola concedes that he expresses ideas and can explain his thoughts when he speaks. Without excusing Bobola from the obligation to file adequate written pleadings, motions, objections, and other documents in this case, the court notes that Bobola may request oral argument and hearings on pending motions, as appropriate. See LR 7.1(d) (court will consider granting oral argument where written request is made outlining the reasons why oral argument may assist the court).

At this preliminary stage of the case, Bobola has not shown that there are extraordinary circumstances in this case warranting the appointment of counsel, to avoid any fundamental unfairness. Cf. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) (court has discretion to deny motion to appoint counsel to indigent civil litigants). Accordingly, the motion for court-appointed counsel (doc. no. 6) is denied, without prejudice to renewal should such extraordinary circumstances arise in the future.

## **Conclusion**

    1.   The court directs service of the Complaint (doc. no. 1) as set forth in this Order.

    2.   The motion for appointment of counsel (doc. no. 6) is denied without prejudice.

    SO ORDERED.

_/s/ Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

April 9, 2015

cc:  Matthew D. Bobola, pro se