**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Matthew D. Bobola

   v.                                                    Civil No. 15-cv-039-SM

New Hampshire Department of
Corrections


### REPORT AND RECOMMENDATION

Before the court is plaintiff Matthew D. Bobola's motion seeking a preliminary injunction (doc. no. 31).[1] Bobola requests that this court: 1) enter declaratory judgment in plaintiff's favor; 2) order defendants to have plaintiff's knee and wrist injuries evaluated by non-prison medical professionals, to include a second opinion by a "seasoned orthopaedist[] of the court's choosing," within a strict timeframe; 3) order expedited discovery of certain matters; and 4) award plaintiff damages.

Defendants object (doc. no. 34). The district judge has referred the motion to this magistrate judge for a report and recommendation as to disposition. See Oct. 1, 2015, Order (Doc. No. 33).

---

[1] Bobola's motion (doc. no. 31) is entitled "Declaration Temporary Restraining Order Preliminary Injunction." In the narrative of the motion, however, Bobola states he would like to withdraw his motion to the extent it requests a temporary restraining order, and that he seeks only a preliminary injunction. The motion thus is construed as one seeking only a preliminary injunction.

**Standard for Preliminary Injunctive Relief**

To grant preliminary injunctive relief, this court "must find the following four elements satisfied: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) a balance of equities in the plaintiff's favor, and (4) service of the public interest." Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc., 794 F.3d 168, 171 (1st Cir. 2015) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "In this circuit, proving likelihood of success on the merits is the 'sine qua non' of a preliminary injunction. '[I]f the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.'" Arborjet, Inc., 794 F.3d at 173 (citations omitted).

**Background**

Bobola asserts the following facts in support of his motion for a preliminary injunction. When Bobola initially arrived at the New Hampshire State Prison ("NHSP"),[2] he had a right knee

---

[2]According to the New Hampshire Department of Corrections website, Bobola was booked into the NHSP on August 12, 2013. New Hampshire Department of Corrections Inmate Locator, http://business.nh.gov/inmate_locator/default.aspx (last viewed Feb. 3,

injury, a torn anterior cruciate ligament ("ACL"), and a left wrist injury, a broken scaphoid.  Bobola further states that in November 2013, he slipped and fell on a wet floor at the prison, which exacerbated his ACL injury and caused new knee injuries, a torn posterior cruciate ligament ("PCL") and torn medial meniscus.  Bobola claims that, due to the failure of defendants to provide him with adequate medical care, he continues to have pain, stiffness, limited motion, and the inability to walk properly.

In his filings in this case, Bobola acknowledges that he was provided with the following medical care and treatment for his knee and wrist during his incarceration at the NHSP:

- Bobola was offered a rubber or neoprene "knee sleeve" which he refused, as he felt it would not be effective.

- Bobola was prescribed Motrin for his pain, and when he advised NHSP physician Dr. Celia Englander that the Motrin was not working well, and bothering his stomach, she instead prescribed him Naproxen for pain, a medication he specifically requested.

- Prior to August 2014, Bobola was provided with "medical blankets" to help him position his knee appropriately.

- At some time prior to August 2014, Bobola's knee was x-rayed.

- Bobola was examined by each of the NHSP medical staff

---

2016).

members named as defendants in this action, including multiple appointments with NHSP physical therapist Bernadette Campbell.

- Campbell provided Bobola with a wrist brace which Bobola claimed did not help him and made it difficult for him to write.

- On March 19, 2015, Bobola was referred to Dartmouth-Hitchcock Concord Orthopedics ("DHCO") professionals for a consult and saw Dr. Scott Devanny.

- During the March 19, 2015, appointment, Dr. Devanny gave Bobola a cortisone injection in his wrist, which is the treatment Bobola told NHSP medical staff had been effective prior to his incarceration.

- On June 15, 2015, on Dr. Devanny's order, Bobola was taken to Concord Hospital for a magnetic resonance imaging ("MRI") test for his knee.  That test confirmed Bobola's torn ACL injury and also revealed the more recent PCL and medial meniscus injuries.

- On June 24, 2015, Bobola was given an appointment with David Molind, a physician's assistant at DHCO.  Bobola was told that Dr. Devanny had recommended physical therapy, weight loss, Mobic[3] for discomfort, glucosamine, and possible functional bracing or surgery for Bobola's ACL injury, if necessary.

- On July 23, 2015, Bobola again saw Dr. Devanny who, after reviewing Bobola's MRI results, determined that Bobola's ACL and PCL tears did not require bracing or surgery.  Instead, Dr. Devanny found that Bobola's ongoing pain was likely caused by his torn meniscus, and recommended arthroscopic surgery to repair his meniscus, to which Bobola initially agreed, and was scheduled for September 2015.

---

[3]Mobic is a brand name of the nonsteroidal anti-inflammatory drug meloxicam.  See https://www.nlm.nih.gov/medlineplus/druginfo/meds/a601242.html (last revised Jan. 15, 2016).

4

- After the July 23, 2015, appointment with Dr. Devanny, Bobola spoke with Campbell about the surgery, and told her that he had additional questions, and a consult with Molind was scheduled for August 2015, prior to the September 2015 surgery.

- In August 2015, Bobola met with Molind and asked him a number of questions about the surgery and diagnostic testing. Bobola then decided that he did not want Dr. Devanny to perform the meniscus repair surgery as Bobola felt that Dr. Devanny had the prison's, and not Bobola's, best interests at heart.

- On August 31, 2015, Bobola met with NHSP physician Dr. Jeffrey Fetter.

- On September 3, 2015, Bobola met with Dr. Englander.

Bobola states that he has not refused all treatment for his knee and wrist since cancelling the September 2015 surgery. Bobola also states that he requested, but was denied, the following treatment for his knee and wrist:

- Bobola did not receive a cortisone injection for the pain in his wrist before March 19, 2015.

- Bobola received no diagnostic tests or treatment for his wrist after the ineffective cortisone injection Dr. Devanny administered on March 19, 2015, although Dr. Devanny discussed with Bobola the possibility of an MRI if the injection was not effective.

- Bobola was not offered surgery for his wrist, which an outside doctor told him was the proper treatment for his injury.

- Bobola's medical blankets were not reissued to him in August 2014 because Campbell determined at that time that the blankets were not medically necessary.

- Bobola did not have a consultation with an outside

5

        orthopedic doctor prior to March 2015.[4]

- Bobola states that defendants have agreed to provide him with a second opinion concerning the proper course of treatment for his knee, other than those provided by Dr. Devanny and Molind, but that he has not been provided with a second opinion.

## Discussion

### I. Evidentiary Hearing

Assuming the facts as asserted by Bobola to be true, for purposes of determining whether he is entitled to preliminary injunctive relief, the court need not hold an evidentiary hearing in this matter. See <u>Rosario-Urdoz v. Rivera-Hernandez</u>, 350 F.3d 219, 223 (1st Cir. 2003) (citing <u>Aoude v. Mobil Oil Corp.</u>, 862 F.2d 890, 894 (1st Cir. 1988) (evidentiary hearing not an "indispensable requirement" for deciding motion for preliminary injunction where matter can be "heard" on papers)).

### II. Eighth Amendment Standard – Inadequate Medical Care

Bobola claims that the defendants violated his rights under the Eighth Amendment by failing to provide Bobola with adequate medical care for injuries to his wrist and knee that he

---

[4] Bobola was told that two appointments were made for him for an outside orthopedic consult, in February and March 2014, but that he did not show up for either appointment, despite having been called several times. Bobola denies being aware of those appointments, and argues that the appointments never existed. The court need not decide this factual issue.

sustained prior to his incarceration, and for a re-injury of his knee during his incarceration.  "[T]o prove an Eighth Amendment violation, a prisoner must satisfy both of two prongs: (1) an objective prong that requires proof of a serious medical need, and (2) a subjective prong that mandates a showing of prison administrators' deliberate indifference to that need."  Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014), cert. denied, 135 S. Ct. 2059 (2015).

To satisfy the objective prong, evidence must demonstrate that plaintiff's serious medical need is "'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  Id. (citation omitted).  To satisfy the subjective prong of the Eighth Amendment analysis, the evidence must show that a defendant's failure to treat a serious medical need amounted to "deliberate indifference to the prisoner's needs" that was "purposeful," or that a defendant "exhibited . . . 'wanton disregard' to a prisoner's needs . . . akin to criminal recklessness, requiring consciousness of 'impending harm, easily preventable.'"  Id. at 83 (citations omitted).

Deliberate indifference is not demonstrated "where the dispute concerns not the absence of help, but the choice of a

7

certain course of treatment." Id. at 92.  A prisoner's disagreement with the care and treatment he has received, or belief that a better course of care is available, does not state a constitutional violation.  See id. at 82.

### III. Likelihood of Success on the Merits

To obtain a preliminary injunction, Bobola must demonstrate that he is likely to succeed on the merits of the Eighth Amendment claims underlying this action.  See Arborjet, Inc., 794 F.3d at 171, 173.  Specifically, Bobola must demonstrate that he is likely to succeed in proving that the defendants denied him adequate care for his serious medical needs, and that they did so with deliberate indifference.

The defendants concede, for purposes of this preliminary injunction request, and the court finds, that Bobola has demonstrated that he has a serious medical need requiring treatment.  The question before the court, therefore, is whether Bobola can demonstrate that he was denied adequate care by any defendant acting with deliberate indifference to his need for treatment.

Relying on the facts asserted by Bobola, the court finds that Bobola, during his incarceration, which began in August 2013, was provided with: nurse visits, appointments with prison physicians, multiple physical therapy appointments, appointments

8

with a DHCO orthopedic doctor and physician's assistant, an x-ray, an MRI, a knee sleeve, a wrist brace, pain medication, and a cortisone injection. Further, Bobola was offered, but refused, knee surgery. Given the number of instances of Bobola being seen by medical professionals, and being provided with care or treatment for his injuries, Bobola has failed to make the requisite strong showing of a likelihood of success on his claim that he did not receive care, or that any defendant acted with deliberate indifference to his serious medical needs. While Bobola takes issue with the choice of treatments he has been offered, his difference of opinion, or the difference in opinions between his pre-incarceration doctors and the medical providers he has seen since being at the NHSP, do not provide a basis for Eighth Amendment relief. See Kosilek, 774 F.3d at 82.

Bobola also argues that he was denied adequate medical care because he was promised a second opinion that he did not receive. Assuming, without deciding, that such a promise was made, the denial of a second opinion, absent allegations demonstrating that Bobola was otherwise deprived of minimally adequate care, does not form the basis of an Eighth Amendment claim. See DeMeo v. Koenigsmann, No. 11 CIV. 7099 HBP, 2015 WL 1283660 at *14-*15, 2015 U.S. Dist. LEXIS 35551 at *39 (S.D.N.Y. Mar. 20, 2015) ("Whether and when a second opinion should be

9

sought is a matter of opinion as to medical treatment and does not constitute deliberate indifference.").

Given the considerable treatment provided to Bobola, Bobola has failed to meet his burden to demonstrate that he is likely to succeed on the merits of the Eighth Amendment claims underlying this action. Accordingly, the remaining preliminary injunction factors are "matters of idle curiosity," and need not be considered by the court at this time. See Arborjet, Inc., 794 F.3d at 173 (citations omitted). The district judge, therefore, should deny Bobola's motion for preliminary injunctive relief.

## IV. Additional Relief

In addition to a preliminary injunction, Bobola seeks a declaratory judgment, discovery, and damages. A declaratory judgment and damages are not appropriately granted at this stage of the proceedings. Bobola has not demonstrated any need for court-ordered discovery at this time. Accordingly, those requests should be denied as premature.

## Conclusion

For the foregoing reasons, the court recommends that plaintiff's motion for a preliminary injunction (doc. no. 31) be denied. Any objections to this Report and Recommendation must

be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).


_____
Andrea K. Johnstone
United States Magistrate Judge


February 10, 2016

cc:   Matthew D. Bobola, pro se
      Kenneth A. Sansone, Esq.
      Jonathan A. Lax, Esq.